```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-22285-Civ-COOKE
                              MAGISTRATE JUDGE P.A. WHITE

RODNEY H. HOLMES, JR.,        :

     Petitioner,              :

v.                            :      REPORT OF
                                     MAGISTRATE JUDGE
WALTER A. McNEIL,¹            :

     Respondent.              :
_____
```

Rodney H. Holmes, a state prisoner confined at Charlotte Correctional Institution, at Punta Gorda, Florida has filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking on twenty-three enumerated grounds the constitutionality of his probation revocation and resultant sentences entered in Miami-Dade County Circuit Court Case Nos. 98-28785 and his convictions and sentences entered in Miami-Dade County Circuit Court Case No. 01-18524.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition, the Court has the petitioner's response to an order regarding the limitations period, and the response of the state to an order to show cause with

---

¹Walter A. McNeil, has replaced James R. McDonough as Secretary of the Florida Department of Corrections, and is now the proper respondent in this proceeding. McNeil should, therefore, "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

multiple exhibits.[2]

Holmes was charged in Case No. 98-28785 by Amended Information filed on June 10, 1999, with the offenses of third degree murder (Count One), burglary with assault or battery therein while armed (Count Two), and sale, manufacture or delivery of a controlled substance (Count Three). (DE# 15; App. D). Pursuant to pleas of guilty entered on April 15, 1999, Holmes was convicted of the offenses charged in Counts One and Three, pursuant to pleas of guilty. (DE# 15; App. B, E, N). He was sentenced to concurrent terms of imprisonment of two years to be followed by a two-year term of community control. (DE# 15; App. B, E, F, O). Holmes did not appeal his convictions or sentences.[3] (DE# 15; App. B).

Holmes was released from confinement on August 24, 2000. See http://www.dc.state.fl.us.[4] Not long after his release, Holmes was charged with violating the terms and conditions of his term of community control, which included the commission of new substantive offenses charged in Miami-Dade County Circuit Court Case No. 01-18524 (i.e., attempted robbery with a gun or deadly weapon, attempted first degree murder and armed burglary). (DE# 15; App. F, H. J). Holmes was ultimately found guilty of violating the terms and conditions of his release, and his term of community control

---

[2]Although Holmes sought and was granted leave to file a reply to the respondent's response (DE# 17, 18), he has failed to do so.

[3]Although Holmes indicates in his form petition that he did prosecute a direct appeal from his initial convictions and sentences, review of the record reveals that he is mistaken. He is apparently confusing the direct appeal from the revocation of his community control and most-recent substantive offenses and convictions. See Petition at ¶9. (DE# 1). See also Holmes v. State, 883 So. 2d 350(Fla. 3 DCA 2002).

[4]The Court takes judicial notice of information available on the database maintained by the Florida Department of Corrections, http://www.dc.state.fl.us, viewed on this date. See Fed.R.Evid. 201.

2

was revoked on September 20, 2002. (DE# 15; App. H). Holmes was then sentenced to concurrent terms of imprisonment of 188 months. (DE# 15; App. T, U). The sentence was subsequently vacated on November 15, 2002, with the trial court sentencing Holmes to a total of 153.75 months' confinement. (DE# 15; App. S, U, V). Regarding the newly charged offenses, Case No. 01-18524, Holmes was convicted of the offenses after jury trial and he was sentenced on November 15, 2002, to three concurrent terms of life imprisonment. (DE# 15; App. L. M, Q). Holmes prosecuted a direct appeal from the most-recent convictions and sentences and direct appeal from the revocation of his community control and resultant confinement. (DE# 15; App. G, R, EE). Holmes' appeals were consolidated by the Florida Third District Court of Appeal and, in a written opinion issued on September 22, 2004, the appellate court *per curiam* affirmed the convictions, revocation of community release, and all sentences. Holmes v. State, 883 So. 2d 350 (Fla. 3 DCA 2004).

After waiting more than eighteen months, on March 31, 2006, Holmes filed in the trial court a pro se motion for post conviction relief pursuant to Fla.R.Crim.P. 3.850, challenging on twenty-three specified grounds his convictions entered in Case No. 01-18524. (DE# 15; App. Y, Z). After the state had filed its response and an evidentiary hearing was conducted on a limited issue, the trial court denied Holmes postconviction relief. (DE# 15; App. BB). Holmes took an appeal from the trial court's ruling, and the Florida Third District Court of Appeal affirmed the denial of relief in a *per curiam* decision without written opinion. Holmes v. State, 982 So. 2d 698 (Fla. 3 DCA 2008). The mandate issued on June 13, 2008. (DE# 15; App. DD).

Approximately two months after all state court proceedings had

3

concluded, on August 10, 2008,[5] Holmes filed the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. In response to the order to show cause, the respondent solely asserts that Holmes is not entitled to review on the merits of his claims in that this petition should be dismissed as time-barred pursuant to 28 U.S.C. §2244(d).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must generally file his §2254 petition within one year from the date that his conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. §2244(d)(1)(A); Jimenez v. Quarterman, ___ U.S. __, __, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)).[6] In rare instances, the limitation period may run from a date later than the date on which the judgment became final, see 28 U.S.C. §2244(d)(1)(B)-(D). These include the

---

[5]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). (Petition at 21)(DE# 1).

[6]The statute provides that the limitations period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(D). Regarding the community control revocation, this case presents such an instance with §2244(d)(1)(D) being the applicable subsection and the one-year limitation period commencing not from the date the underlying judgment became final, but from the date the community control revocation and resultant sentences became final.

These periods are tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[7] 28 U.S.C. §2244(d)(2). Moreover, the applicable one-year limitations period is subject to equitable tolling in "rare and exceptional cases." See Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(holding that for equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). See also Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999).

In this case, Holmes' community control revocation and

---

[7] A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

5

resultant sentences became final on the same date that his new convictions and sentences became final, December 21, 2004, ninety days after the Florida Third District Court of Appeal affirmed the revocation and resultant sentence and new convictions and sentences on direct appeal. See Jimenez v. Quarterman, 129 S.Ct. at 685; SUP.CT.R. 13(1). Since this federal petition for writ of habeas corpus challenging the revocation proceedings and most-recent convictions and sentences was not filed until August 10, 2008, well-beyond one year after the date on which the revocation of community control and resultant sentence became final and the date the new substantive offenses and sentences became final, the petition is time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2). As indicated above, Holmes pursued collateral relief in the state trial and appellate courts. The limitations period is, however, not tolled during the time the state postconviction proceedings remained pending, because the postconviction proceeding was not commenced until March 31, 2006, after the one-year limitations period had already expired on December 22, 2005. See 28 U.S.C. §2244(d)(2). It is now well-settled that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1332 (11 Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1258-60 (11 Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000).

   While Holmes has filed a response to this Court's order

6

regarding the limitations period, Holmes has presented no valid justification whatever for his failure to timely file his federal habeas corpus petition. (Petitioner's Response to the AEDPA's Limitation Period)(DE# 8). He apparently asserts that he was prevented from timely pursuing state postconviction relief, because prison officials first confiscated and then destroyed a copy of his trial transcript in April 2005, and he was not able to obtain a second copy until November 2005. Id. at 2-3. This assertion is self-serving and wholly conclusory with no substantiation whatever in the record that his state court records were taken and/or destroyed.[8] The assertion also appears to be refuted by the record. See DE# 15; App. EE.

Moreover, even if this Court were to find for purposes of this proceeding that Holmes' state court records were in fact confiscated and destroyed and the trial transcript was needed to pursue postconviction relief, by his own admission Holmes obtained a second copy of the transcript in November 2005. The one-year limitation period did not expire until December 22, 2005, giving him time to file a Rule 3.850, which would have tolled the one-year limitation period. See 28 U.S.C. §2244(d)(2). However, rather than diligently seek state postconviction relief, he waited more than three-months after the limitation period had expired to file his Rule 3.850 motion. Consequently, Holmes would not be entitled to the application of the doctrine of equitable tolling on this basis. Lawrence v. Florida, 549 U.S. at 336. The Eleventh Circuit has continued to emphasize that "[e]quitable tolling is an

---

[8]Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative value. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11 Cir. 1991)(recognizing that a petitioner is not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible'" (citation omitted)). See also Ross v. Estelle, 694 F.2d 1008, 1011-12 (5 Cir. 1983).

extraordinary remedy that must be applied sparingly" for "[a] truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11 Cir. 2008). Review of the record clearly reveals that Holmes has not pursued the process with diligence and alacrity. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984). See also Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)(principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect). "[E]quity is not intended for those who sleep on their rights." See Fisher v. Johnson, 174 F.3d 710 (5 Cir. 1999), citing, Convey v. Arkansas River Co., 865 F.2d 660, 662 (5 Cir. 1989).

Petitioner has also not demonstrated that he was in any unconstitutional way prevented from obtaining the subject transcript and earlier pursuing state postconviction relief and a timely federal petition for writ of habeas corpus. And, again, the record appears to refute his assertion. Further, there is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing §2254 Cases provides that a petitioner need only "set forth in summary form the facts supporting each of the grounds" specified in the petition. See Donovan v. Maine, 276 F.3d 87, 93 (1 Cir. 2002)(stating that habeas corpus petition need not be pleaded with particularity, so citation to transcript unnecessary); Ruark v. Gunter, 958 F.2d 318, 319 (10 Cir. 1992)(stating that prisoner not entitled to transcript before filing §2254 petition). Here, Holmes was able to provide sufficient factual support for his claims without possessing the criminal record and transcript. This is especially true as to the claims pertaining to the community control revocation and resultant sentences. Under these circumstances, Holmes did not need his state

court criminal record and/or transcript to proceed with earlier filing a Rule 3.850 motion and then this habeas corpus petition. Holmes has, therefore, has not demonstrated that any state-created impediment has completely obstructed him from earlier pursuing state postconviction before December 22, 2005, and then federal habeas corpus relief. Consequently, he is also not entitled to statutory tolling pursuant to 28 U.S.C. §2244(d)(1)(B).

If Holmes were also to argue that he could not timely file his habeas petition with this Court, because he first needed to exhaust his state court remedies prior to filing the instant petition, any such claim would be unavailing. Petitioner is not entitled to equitable tolling of the limitations period on this basis. Because the tolling provisions of §2244(d)(2) already accommodate the exhaustion requirement that petitioner faced, he would not be entitled to equitable tolling on this basis. See Smith v. McGinnis, 208 F.3d 13, 17-18 (2 Cir. 2000). See also Franklin v. Bagley, 27 Fed.Appx. 541, 542-543 (6 Cir. 2001)(limitations period not equitably tolled due to the fact that petitioner was attempting to exhaust all of his state court remedies prior to filing his federal habeas petition, absent a showing of due diligence). Because petitioner waited fifteen months following the affirmance on direct appeal of his revocation of community control, convictions and all sentences, petitioner has failed to show that he acted with due diligence in attempting to exhaust his state court remedies before filing his habeas petition.

Finally, Holmes' status as an unskilled layperson does not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy

9

calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required). According, as correctly maintained by the respondent, this petition is time-barred with regard to any challenges to the constitutionality of the revocation of community control and resultant sentences and new underlying convictions and sentences. Holmes is therefore not entitled to review on the merits of the claims raised in the instant petition. See 28 U.S.C. §2244(d)(1)-(2).

It is, therefore, recommended that this petition for writ of habeas corpus be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 5th day of August, 2009.

UNITED STATES MAGISTRATE JUDGE

cc:  Rodney H. Holmes, Pro Se
     DC# 198316
     Charlotte Correctional Institution
     33123 Oilwell Road
     Punta Gorda, FL 33955

     Lane Hodes, AAG
     Department of Legal Affairs
     444 Brickell Avenue
     Suite 650
     Miami, FL 33131